

**Mioko C. Tajika**

April 5, 2019

**Direct Dial: (212) 907-9622**
**mtajika@ingramllp.com**

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B - South
Brooklyn, New York 11201

> **Re:** *Jackson Lee v. W Architecture and Landscape Architecture, LLC*,
> **Case No. 18-cv-05820 (PKC) (CLP)**

Dear Judge Pollak:

We represent defendant in the above-referenced action and submit this letter to address (1) plaintiff's discovery deficiencies; and (2) respond to plaintiff's April 5, 2019 letter.

### A. Plaintiff has not Complied Fully with his Discovery Obligations.

After the March 22, 2019 conference with the Court, on March 29, the parties engaged in a meet and confer telephone call, at which time plaintiff's counsel responded that he will serve revised responses by April 3, 2019 to supplement his 8-paged production. The responses arrived by e-mail at 11:52 p.m. in the form of revised responses to interrogatories and a single spreadsheet, copies of which are annexed as Exhibit 1 and 2. We followed-up with several questions the next day, only two of which plaintiff's counsel has responded meaningfully.

The market for plaintiff's photograph (the "Photograph") is a relevant inquiry that bears on issues pertaining to plaintiff's damages and defendant's defenses. Defendant is furthermore entitled to take discovery on how the Photograph came to be widely disseminated on the Internet, to the extent that plaintiff has such knowledge. Accordingly, defendant's discovery requests requested information regarding those subject matters, as follows:

> **Interrogatory No. 6:** For each person or entity identified in response to Interrogatory No. 5 [which asked for "all persons and entities to whom [plaintiff] licensed or sold the photograph in question"], identify the nature of the sale or license, the manner in which the Photograph was used, and the amount of fee received in connection with that sale or license.

> **Interrogatory No. 12:** Identify all web sites where you or someone acting

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP

250 PARK AVENUE NEW YORK, NY 10177 • TEL 212.907.9600 • FAX 212.907.9681 • WWW.INGRAMLLP.COM • LEGAL NETLINK ALLIANCE WWW.LEGALNETLINK.NET

610264_1/01709-0007

April 5, 2019
Page 2


under your authorization posted, published, displayed, or otherwise
released the Photograph.

**Interrogatory No. 13:** Identify whether you have knowledge or
information of the circumstances surrounding the Photograph being
disseminated on web sites other than your own.


Plaintiff's method of responding to the above is to refer to his spreadsheet, a copy of
which is found at Exhibit 2, with a notation that we should take discovery from a third party
named Splash Agency.  Plaintiff's counsel further states that his client "does not have the
underlying invoices in his possession and any further info will need to be obtained from Splash
directly." (*See* Ex. 1.)  But the spreadsheet contains no web site addresses, and no information
concerning the nature of the license (e.g., use on Internet, magazine, etc.).  Plaintiff apparently
has enough information to prepare the spreadsheet, so he ought to have further information
responsive to these questions.  It is his Photograph and his licenses, after all.  We respectfully
request that plaintiff be compelled to conduct a more thorough search and respond to these
requests before defendant is required to needlessly resort to third party discovery.

## B.  Defendant Need Not Do Plaintiff's Job to Identify the Building Owner.

We reject plaintiff's attempt to compel defendant to do his job of determining who the
proper defendant is in this action.

By way of background, the first time defendant heard about the building on which
plaintiff alleges his Photograph appears (the "Building") was when plaintiff filed this
lawsuit.  Defendant had no knowledge or information regarding the Building, no
communications with it, nor any knowledge, information, or involvement with any decision to
place the image on the Building's wall.  Defendant was never consulted about it and never gave
any permission to use the Photograph or its rendering on the Building's wall.  To the extent that
the Photograph appeared on the Building's wall, it would then appear that the Building is the one
who decided to place the Photograph on its wall, but that is for plaintiff to investigate and
determine.  Indeed, plaintiff is the party who alleges in his complaint that his Photograph was
featured on the front of the Building.  (*See* Complaint at ¶ 10.)

Plaintiff is free to name the owner of the Building in the lawsuit just as easily as it has
named defendant in this suit, as is its modus operandi.[1]  In his letter, counsel states he "attempted
to contact JRS but has not received a response," but if that has not borne fruit, then he can serve
a subpoena.  The onus of this fact-finding mission was not imposed on defendant, it was imposed
on plaintiff.  (*See* Court's Minute Entry dated March 22, 2019 "***Plaintiff*** is to investigate
building and determine if he intends to amend the complaint to add additional parties.")
(Emphasis added).

---

[1] *See, e.g., McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 U.S. Dist. LEXIS 28664,
at *8 n.4 (S.D.N.Y. Feb. 22, 2018) ("[the Liebowitz Law Firm] . . . is a known copyright 'troll,' filing
over 500 cases in this district alone in the past twenty-four months.").

April 5, 2019
Page 3

As to plaintiff's counsel's statement that "Defendant certainly knows the identity of the persons to whom Defendant delivered the Photograph (as part of its presentation materials)," defendant already produced this information on March 1, 2019, which contains an e-mail that was sent by an employee of defendant to various recipients transmitting the presentation materials.  Plaintiff is free to follow whatever leads he needs to from there.  Rather than doing his job, plaintiff seeks to delegate the responsibility of identifying the proper party to defendant (who has already been required to defend this lawsuit for an alleged wrong that it did not commit).  Defendant rejects this attempt by plaintiff to compel it to do his homework for him.

## C.   Defendant is not Obligated to Disclose Documents Showing its Gross Revenues.

Preliminarily, this request is premature since the parties have not met and conferred on this issue.  This issue was not raised at the last conference by plaintiff's counsel, nor was it discussed at our March 29 telephone call or at any time thereafter.  Accordingly, the request should be denied since it is in violation of EDNY Local Civil Rule 37.3(a).

The request should also be denied on the merits.  As explained, defendant's use of the Photograph was limited to the use on it presentation materials.  Accordingly, it never raised any revenues or received any payment from the Building.  Annexed as Exhibit 3 is a copy of plaintiff's interrogatories, which asked for the following:

> 7.      Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Ad.
>
> 13.      State the revenue and profits earned or received from the Ad during the Time Period.

(Ex. 3, at 5.)

The term "Ad" is defined as "the commercial advertisement on the front of building as illustrated by Exhibit A attached to the complaint."  (Ex. 3, at 2.)  We responded truthfully that defendant had no information responsive to the interrogatories.  (*See* annexed defendant's responses to plaintiff's interrogatories and document requests at Exhibit 4.)  And whatever payment defendant may have received for its work in connection with the Hudson Square BID project was not only not requested, but it is irrelevant, since such payment is not in any way attributable to the use of plaintiff's Photograph in defendant's presentation materials.

For the foregoing reasons, we respectfully request that the Court compel the disclosure of the information requested in A above, and deny plaintiff's requests outlined in B and C above.

Respectfully,

s/ Mioko C. Tajika
Mioko C. Tajika