# Exhibit 1

| | |
|---|---|
| **From:** | James Freeman <jf@liebowitzlawfirm.com> |
| **Sent:** | Wednesday, April 03, 2019 11:51 PM |
| **To:** | Tajika, Mioko C. |
| **Cc:** | Richard Liebowitz |
| **Subject:** | Re: Jackson Lee v. W Architecture and Landscape Architecture, LLC, 18-cv-5820 |
| **Attachments:** | Plaintiff Lee's Responses to Interrogatories_4_3_19.pdf; Lee Verification.pdf; SPL409915 - Sales Report.csv |

Hi Mioko:

As per our meet-and-confer, please see attached Plaintiff's superseding answers and objections to Defendant's first set of interrogatories, which are verified.

Also, we attach a spreadsheet showing the license fee history of the image at issue in this litigation. Plaintiff does not have the underlying invoices in his possession and any further info will need to be obtained from Splash directly.

We have identified Jack Resnick & Sons as the owner of 315 Hudson. Please confirm that Jack Resnick & Sons is the entity which Defendant alleges infringed Plaintiff's copyright.

Would you kindly re-send Defendant's written responses to Plaintiff's discovery requests.

Thank you,

James

On Thu, Mar 28, 2019 at 11:16 AM Tajika, Mioko C. <mtajika@ingramllp.com> wrote:

That works


Thank you


Mioko


**From:** James Freeman [mailto:jf@liebowitzlawfirm.com]
**Sent:** Wednesday, March 27, 2019 6:35 PM
**To:** Tajika, Mioko C.
**Cc:** Richard Liebowitz
**Subject:** Re: Jackson Lee v. W Architecture and Landscape Architecture, LLC, 18-cv-5820

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSON LEE,<br><br>                              Plaintiff,<br><br>      - against -<br><br><br>W ARCHITECTURE AND LANDSCAPE<br>ARCHITECTURE, LLC<br><br>                           Defendant. | Case No. 18-cv-05820 (PKC) (CLP) |

**PLAINTIFF JACKSON LEE'S SUPERSEDING ANSWERS AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jackson Lee ("Plaintiff"), by its counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Defendant W Architecture and Landscape Architecture, LLC's First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

1.      Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal

Rules.

2.      Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3.      Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4.      Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5.      Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6.      Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7.      Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8.      Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9.      In answering, the Plaintiff does not waive and expressly reserves all objections.

10.      The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC ANSWERS AND OBJECTIONS

Interrogatory No. 1.  *Identify the total amount of damages that you contend defendant is liable for on your first claim for copyright infringement alleged in your complaint.*

**Answer to Interrogatory No. 1**: Approximately $15,000 in lost licensing fees or defendant's profits (which reside in the exclusive possession of defendant).

Interrogatory No. 2.  *Identify the total amount of damages that you contend defendant is liable for on your second claim for removal of copyright management information alleged in your complaint.*

**Answer to Interrogatory No. 2**: $25,000 in civil penalties pursuant to 17 U.S.C. § 1203(c)(3)(B).

Interrogatory No. 3.  *Explain how you arrived at the damages amount stated in response to Interrogatory Nos. 1 and 2 above.*

**Answer to Interrogatory No. 3:**  For Count I, the fair market value of the Photograph for use in commercial advertising of real estate properties via external street-level display (e.g., billboard or wall mural use).  For Count II, reference to 17 U.S.C. § 1203(c)(3)(B) which provides for a $25,000 maximum penalty for violation of section 1202(b).

Interrogatory No. 4:  *Identify all persons with knowledge of your damages stated in response to Interrogatory Nos. 1 and 2 above.*

**Response to Interrogatory No. 4**:  Plaintiff, Getty Images (605 5th Ave. S. Suite 400, Seattle, WA (telephone: 206-925-5000 / website: www.gettyimages.com)

Interrogatory No. 5:  *Identify all persons and entities to whom you licensed or sold the photograph in question (the "Photograph") from 2012 to the present.*

**Response to Interrogatory No. 5**:  Splash News & Picture Agency, 300 Park Avenue, New York, NY 10022.  (212) 619-2666. E-mail: nyaccounts@splashnews.com.

Interrogatory No. 6:  *For each person or entity identified in response to Interrogatory No. 5, identify the nature of the sale or license, the manner in which the Photograph was used, and the amount of fee received in connection with that sale or license.*

**Response to Interrogatory No. 6**: Plaintiff attaches hereto an Excel Spreadsheet (the "Splash Spreadsheet") in response to Interrogatory No. 5.  To the extent that the Splash Spreadsheet does not provide information sought by Interrogatory No. 5, Plaintiff is not in possession of such information and directs Defendant to issue a third-party subpoena to Splash.

Interrogatory No. 7:  *Identify the range of fees you received from licensing or selling other photographs depicting Katie Holmes from 2012 to the present.*

**Response to Interrogatory No. 7**: Plaintiff objects to Interrogatory No. 7 on grounds that it calls for information that is disproportionate to the needs of the case and/or not calculated to lead to the discovery of admissible evidence given that Plaintiff has provided an accounting of his licensing fee history for the specific Photograph at issue in this lawsuit.  Accordingly, no further response is required.

Interrogatory No. 8:  *Identify the range of fees you received from licensing or selling other photographs depicting Suri Cruise from 2012 to the present.*

**Response to Interrogatory No. 8**: Plaintiff objects to Interrogatory No. 8 on grounds that it

calls for information that is disproportionate to the needs of the case and/or not calculated to

lead to the discovery of admissible evidence given that Plaintiff has provided an accounting of

his licensing fee history for the specific Photograph at issue in this lawsuit.  Accordingly, no

further response is required.


Interrogatory No. 9:  *Identify the range of fees you received from licensing or selling other photographs depicting Katie Holmes and Suri Cruise together from 2012 to the present.*

**Response to Interrogatory No. 9**: Plaintiff objects to Interrogatory No. 9 on grounds that it

calls for information that is disproportionate to the needs of the case and/or not calculated to

lead to the discovery of admissible evidence given that Plaintiff has provided an accounting of

his licensing fee history for the specific Photograph at issue in this lawsuit.  Accordingly, no

further response is required.


Interrogatory No. 10:  *Identify the highest fee you received from licensing or selling a photograph depicting any celebrity.*

**Response to Interrogatory No. 10**: Plaintiff objects to Interrogatory No. 10 on grounds that it

calls for information that is disproportionate to the needs of the case and/or not calculated to

lead to the discovery of admissible evidence given that Plaintiff has provided an accounting of

his licensing fee history for the specific Photograph at issue in this lawsuit.  Accordingly, no

further response is required.


Interrogatory No. 11:  *For your response to Interrogatory No. 10, identify the photograph, the nature of the sale or license, and how the photograph was used by the licensee or the buyer.*

**Response to Interrogatory No. 11**: Plaintiff objects to Interrogatory No. 10 on grounds that it

calls for information that is disproportionate to the needs of the case and/or not calculated to

lead to the discovery of admissible evidence given that Plaintiff has provided an accounting of his licensing fee history for the specific Photograph at issue in this lawsuit. Accordingly, no further response is required.

Interrogatory No. 12: *Identify all web sites where you or someone acting under your authorization posted, published, displayed, or otherwise released the Photograph.*

**Response to Interrogatory No. 12**: Plaintiff attaches hereto an Excel Spreadsheet (the "Splash Spreadsheet") in response to Interrogatory No. 12. To the extent that the Splash Spreadsheet does not provide information sought by Interrogatory No. 12, Plaintiff responds that he is not in possession of such information and directs Defendant to issue a third-party subpoena to Splash.

Interrogatory No. 13: *Identify whether you have knowledge or information of the circumstances surrounding the Photograph being disseminated on web sites other than your own.*

**Response to Interrogatory No. 13**: Yes. Plaintiff attaches hereto an Excel Spreadsheet (the "Splash Spreadsheet") in response to Interrogatory No. 13. To the extent that the Splash Spreadsheet does not provide information sought by Interrogatory No. 13, Plaintiff responds that he is not in possession of such information and directs Defendant to issue a third-party subpoena to Splash.

Interrogatory No. 14: *If the answer to Interrogatory No. 13 is yes, identify when you first acquired that knowledge or information.*

**Response to Interrogatory No. 14**: June 2012.

<u>Interrogatory No. 15</u>:  *If the answer to Interrogatory No. 13 is yes, identify the sum and substance of what, if any, actions you took to remove or prevent the dissemination of the Photograph.*

**<u>Response to Interrogatory No. 15</u>**: Plaintiff's answer to Interrogatory No. 13 references

licensed uses.  Plaintiff is unaware of unlicensed uses on websites.

Dated: April 3, 2019

LIEBOWITZ LAW FIRM, PLLC

By: <u>/s/richardliebowitz</u>
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Jackson Lee*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF JACKSON LEE'S SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES has been served via e-mail on March 11, 2019 to counsel listed below.

Larry F. Gainen
Mioko C. Tajika
INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP
250 Park Avenue, 6th Floor
New York, New York 10177
Phone: (212) 907-9600
Fax: (212) 907-9681
mtajika@ingramllp.com
lgainen@ingramllp.com


*Attorneys for Defendant W Architecture and*
*Landscape Architecture, LLC*


By: /jameshfreeman/
James H. Freeman
Liebowitz Law Firm PLLC
jf@liebowitzlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEE,

                                    Plaintiff,

            - against -

W ARCHITECTURE AND LANDSCAPE
ARCHITECTURE, LLC

                                    Defendant.

Case No. 18-cv-05820 (PKC) (CLP)

## PLAINTIFF'S VERIFICATION OF HIS SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff

Jackson Lee ("Lee") being duly sworn, deposes and says that I am the plaintiff in this action,

that I have read Plaintiff's Superseding Answers and Objections to Defendant's First Set of

Interrogatories, dated April 3, 2019, and know the contents thereof, and the same are true,

complete and accurate to the best of my knowledge, information and belief.

DATED: April 3, 2019
New York, NY

_____
**Jackson Lee - Plaintiff**

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEE,

                     Plaintiff,

     - against -

W ARCHITECTURE AND LANDSCAPE
ARCHITECTURE, LLC

                    Defendant.

Case No. 18-cv-05820 (PKC) (CLP)

## PLAINTIFF'S VERIFICATION OF HIS SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff

Jackson Lee ("Lee") being duly sworn, deposes and says that I am the plaintiff in this action,

that I have read Plaintiff's Superseding Answers and Objections to Defendant's First Set of

Interrogatories, dated April 3, 2019, and know the contents thereof, and the same are true,

complete and accurate to the best of my knowledge, information and belief.

DATED: April 3, 2019
New York, NY

_____
**Jackson Lee - Plaintiff**

1