# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSON LEE<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>W ARCHITECTURE AND LANDSCAPE ARCHITECTURE, LLC<br><br>　　　　　　　　　Defendant. | Case No. 1:18-cv-5820 (PKC) |

# PLAINTIFF JACKSON LEE'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Jackson Lee ("plaintiff" or "Lee"), by and through his attorneys, hereby requests that Defendant W Architecture and Landscape Architecture, LLC ("defendant") respond to the following interrogatories by serving written responses thereto at the offices of Liebowitz Law Firm PLLC, 11 Sunrise Plaza, Valley Stream, NY 11580, attn. Richard Liebowitz within thirty (30) days of the date hereof.

## DEFINITIONS

1.　　The definitions and rules of construction provided by Local Civil Rule 26.3(c) and (d) are incorporated herein by reference, including the definitions of "communication,"

"document," "identify" (with respect to persons), "identify" (with respect to documents), "plaintiff," "defendant," "person," and "concerning."

2. "Action" shall mean the above-captioned action.

3. The term "Complaint" means the pleading which initiated the Action.

4. The term "Photograph" means the photograph of actress Katie Holmes and her daughter Suri Cruise in New York, which is attached as <u>Exhibit A</u> to the Complaint.

5. The term "Ad" means the commercial advertisement on the front of building as illustrated by <u>Exhibit A</u> attached to the complaint.

6. The term "copyright management information" means gutter credit or authorship credit found at the bottom of a published photograph.

7. The term "social media" mean any and all social media platforms, Internet services, website or mobile application that provides, enables or facilitates communication with, by or among its users or other persons, that is operated by or on behalf of defendant, including but not limited to Twitter, Facebook, Google Plus, Instagram, Snapchat, Tumblr etc.

10. The term "records" shall mean all methods of arranging or storing papers, documents or other recordings of data whether contained in folders, cabinets or other containers, whether recorded on magnetic cards, tapes or discs, hard drives, clouds, or any other media, which are or have been maintained by defendant or on defendant's behalf for preservation or reference.

11. The term "including" means including but not limited to.

12. "You" and "your" shall refer to the defendant in this action and their agents, representatives, and anyone else acting on behalf of one or more of them.

13. The term "state" means to provide the most complete answer available at the time and to supplement that answer should further information because available later.

## INSTRUCTIONS

1. In answering these interrogatories, defendant is required to furnish all information that is available to it, including but not limited to information in the possession of its officers, employees, agents, attorneys or investigators.

2. Defendant must answer each interrogatory and each part thereof separately and fully to the extent no objection is made.

3. Should defendant be unable to answer any interrogatory in full, it should answer the interrogatory to the fullest extent possible, specify the reasons for the inability to answer the remainder, and state whatever information it has concerning the unanswered portion.

4. Should defendant claim that any particular interrogatory is beyond the scope of permissible discovery, it should specify in detail each and every ground on which such claim rests.

5. Should defendant find any interrogatory or any term used in an interrogatory to be vague, ambiguous, subject to varying interpretations or unclear, defendant should identify the matter deemed to be ambiguous, vague, subject to interpretation or unclear, state its understanding of the disputed matter, and respond to the best of its ability in accordance with that understanding.

6. If defendant declines to respond or withholds any information to any interrogatory hereinafter on the basis of any asserted privilege, defendant should offer a statement signed by defendant's counsel attorney which sets forth as to each such interrogatory or aspect or portion thereof the following:

   i. The nature of the privilege or other protection claimed (including work product);

   ii. The basis in fact for the privilege;

3

    iii. The general subject matter of the information or communication over which defendant claims is privileged;

    iv. The date of any communication over which a privilege is claimed;

    v. The identity of all parties to any communication thereof;

    vi. Whether such communication contains or relates to facts or opinions, or both.

Furthermore, defendant should answer each interrogatory and each part thereof not requesting privileged information.

  7. Defendant is warned that any objection to any interrogatory for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure shall be waived.

  8. For the convenience of the Court and the parties, defendant should quote each interrogatory in full immediately preceding the response.

  9. These interrogatories seek information as of the date of defendant's response, but shall be deemed continuing so that any additional information relating to these interrogatories which defendant later acquires, discovers, or which becomes known to defendant, up to and including the time of trial, shall be provided reasonably promptly after such information is acquired, discovered or becomes known.

  10. With respect to each person identified in response to these interrogatories, furnish the name, address, telephone number, and job title along with job description.

## TIME PERIOD TO WHICH THIS REQUEST PERTAINS

Unless otherwise specifically stated, the answers sought are those concerning the following time period: January 1, 2015 to the date of these Interrogatories (the "Time Period").

## INTERROGATORIES

1. Identify all uses of the Photograph by defendant.

2. Identify any websites or print publications from where defendant obtained the Photograph.

3. Identify all persons from whom defendant obtained the Photograph.

4. Identify all persons who found, decided to use, and/or edited the Photograph.

5. Identify all persons with knowledge or information concerning the posting, display and publication of the Photograph.

6. Identify the method or process through which any of defendant's employees or agents decided to use the Photograph in the Ad.

7. Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Ad.

8. Identify all persons with knowledge or information about defendant's procedures for licensing photographic content.

9. Identify all persons with knowledge or information about defendant's attempts to secure the rights to the Photograph prior to their publication on the Ad.

10. Identify all persons with supervisory control over the editorial process concerning the Ad.

11. Identify the name of defendant's in-house counsel who oversees defendant's standards or policies for licensing photographs.

12. Identify any procedures or practices defendant used for securing licenses to photographic content.

13. State the revenue and profits earned or received from the Ad during the Time Period.

5

14. State defendant's estimated net worth for the year ending 2017.

15. State defendant's gross revenues for the year ending 2017.

16. State defendant's net profits for the year ending 2017.

17. State the number of defendant's employees.

18. State the locations of all offices maintained by defendant, both domestically and internationally.

Dated: December 27, 2018
     Valley Stream, New York

                      LIEBOWITZ LAW FIRM, PLLC
                      /s/ Richard Liebowitz
                      Richard Liebowitz
                      11 Sunrise Plaza, Ste. 305
                      Valley Stream, NY 11580
                      (516) 233-1660
                      rl@liebowitzlawfirm.com

                      *Attorneys for Plaintiff*

TO:

Mioko Catherine Tajika
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue
6th Floor
New York, NY 10177
212-907-9600
Fax: 212-907-9681
Email: mtajika@ingramllp.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF JACKSON LEE'S FIRST SET OF INTERROGATORIES has been served via e-mail on December 27, 2018 to counsel listed below.

Mioko Catherine Tajika
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue, 6th Floor
New York, NY 10177
212-907-9600
Fax: 212-907-9681
Email: mtajika@ingramllp.com

*Attorneys for Defendant*

Dated: December 27, 2018

> By: /Richard Liebowitz
> Richard Liebowitz, Esq.
> Liebowitz Law Firm PLLC
> RL@liebowitzlawfirm.com