# Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JACKSON LEE,<br><br>       Plaintiff,<br><br>  - against -<br><br>W ARCHITECTURE AND LANDSCAPE ARCHITECTURE, LLC<br><br>       Defendant. | Case No. 18-cv-05820 (PKC) (CLP)<br><br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS <u>FOR PRODUCTION OF DOCUMENTS</u>** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the Eastern District of New York, defendant W Architecture and Landscape Architecture, LLC, by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, responds to plaintiff Jackson Lee's First Set of Requests for Production of Documents as follows:

### <u>GENERAL OBJECTIONS & RESERVATIONS</u>

In addition to the specific objections separately set forth in response to certain requests, the requests, as a whole, are subject to the following general objections and reservations:

1.    Defendant objects to the requested time frame of "January 1, 2016 to the date of these requests."

2.    Defendant objects to the requests to the extent they call for information that is confidential or proprietary information concerning the defendant.

3.    Defendant objects to the requests to the extent they seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation, or rule.

4.      Defendant objects to the requests to the extent that they are not in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of New York, or to the extent they purport to impose obligations beyond those permitted by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of New York.

5.      Defendant objects to the requests to the extent they seek information that can be obtained from the documents already in plaintiff's possession, custody, or control.

6.      Defendant objects to the requests to the extent they call for speculation, or seek information that is not within their personal knowledge, possession, custody, or control, or seeks responses beyond the reasonable scope of inquiry of the defendants.

7.      Defendant objects to the requests to the extent they seek information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Defendant objects to the requests to the extent that they are overbroad, unduly burdensome, vague and ambiguous, and thus subjects the defendant to harassment, undue burden, and expense, and are not reasonably calculated to lead to the discovery of admissible evidence in this action.

9.      Defendant objects to the requests to the extent that they imply the existence of facts or circumstances that do not or did not exist.

10.     Defendant objects to the requests to the extent that they are cumulative and duplicative.

11.     Defendant objects to the requests to the extent that they require them to identify documents, or to summarize information in documents, which may be obtained by plaintiff from the public record with substantially the same burden as the defendant.

12.     Any objection or lack of objection to any portion of these requests will not constitute an admission or implication that defendants have any documents or information sought by a particular demand.

13.     Inadvertent disclosure of privileged or protected materials or information by the defendant does not constitute a waiver of any applicable privilege nor will such production of any materials or information constitute a waiver of any objection, including with respect to relevancy, to the admission of such materials or information in evidence.

14.     Defendant reserves objections as to the competency, relevancy, materiality, privilege, and the admissibility of each response, including documents produced and the subject matter thereof, and the right to object to the use of any documents provided, or these responses, or the subject matters thereof, on any ground in any further proceeding in this matter.

15.     Defendant reserves the right to interpose additional objections and to move for an appropriate protective order and stay of discovery.  Defendant further reserves the right to assert additional objections should it discover additional information or grounds for objections.

16.     Defendant's responses and objections are not intended to be, and will not be construed as, agreement with plaintiff's characterization of any facts, circumstances or legal obligations.  Defendant reserves the right to object to any such characterizations as inaccurate.

17.     Defendant reserves the right to amend, supplement or modify its responses in the event of error, inadvertent mistake or omission up to and through the date of trial.  Defendant also reserves the right to rely on any facts, documents, or any other evidence that may be developed or come to their attention subsequent to these responses.

## RESPONSES AND OBJECTIONS

**Request No. 1:**

1.      All records, documents and communications concerning defendant's discovery of the Photograph, including all communications to, from and between person or persons who first came across the Photographs.

**Response:**

Subject to and without waiving the general objections, defendant will produce non-

privileged responsive documents in its possession, custody or control, if any, subject to the

parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 2:**

2.      All records, documents and communications concerning defendant's decision to use the Photograph, including all communications to, from and between any person or persons who participated in the decision-making process to use the Photograph.

**Response:**

Subject to and without waiving the general objections, defendant will produce non-

privileged responsive documents in its possession, custody or control, if any, subject to the

parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 3:**

3.      All records, documents and communications concerning defendant's process of editing the Photograph, including all communications to, from and between any person or persons who participated in the editorial process.

**Response:**

Subject to and without waiving the general objections, defendant will produce non-

privileged responsive documents in its possession, custody or control, if any, subject to the

4

parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 4:**

4.      All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by defendant to incorporate the Photograph into the Ad.

**Response:**

Defendant objects to this request because it is incomprehensible, the phrase "data entry forms or data entry templates" is vague and ambiguous, and it implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving these or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 5:**

5.      All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by defendant to edit the Photograph before displaying it in the Ad.

**Response:**

Defendant objects to this request because it is incomprehensible, the phrase "data entry forms or data entry templates" is vague and ambiguous, and it implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving these or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 6:**

6.      All records, documents and communications concerning defendant's efforts to identify the name of copyright holder, copyright owner and/or copyright author of the Photograph.

5

**Response:**

Defendant objects to this request because it implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving these or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 7:**

7.    All records, documents and communications concerning defendant's efforts to identify the name the photographer of the Photograph.

**Response:**

Defendant objects to this request because it is duplicative, and implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving these or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 8:**

8.    All records, documents and communications concerning defendant's efforts to contact the photographer of the Photograph prior to defendant's publication of the Photograph.

**Response:**

Defendant objects to this request because it implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving these or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 9:**

9.    All records, documents and communications concerning defendant's efforts to

6

license the Photograph.

**Response:**

Defendant objects to this request because the phrase "efforts to license" is vague and ambiguous, and it implies the existence of facts or circumstances that do not or did not exist. Subject to and without waiving this or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 10:**

10.    All records, documents and communications between defendant's counsel and any editor concerning publication of the Photograph prior to publication in the Ad.

**Response:**

Defendant objects to this request because the term "editor" is vague and ambiguous, and it implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving these or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 11:**

11.    All records, documents and communications concerning defendant's internal policy, Standards & Practices, or other guidance for obtaining permission, consent or license to any copyrightable material and which were in effect at the time the Photograph were published in the Ad.

**Response:**

Defendant objects to this request because it implies the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving this or the general objections, defendant will produce non-privileged responsive documents in its possession,

7

custody or control, if any, subject to the parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 12:**

12.    All records, documents and communications concerning advertising revenue generated by the Ad in connection with defendant's publication of the Ad.

**Response:**

Defendant objects to this request because it implies the existence of facts or circumstances that do not or did not exist. Subject to and without waiving this or the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 13:**

13.    All records, documents and communications concerning the subject matter of the Photograph.

**Response:**

Defendant objects to this request because it is incomprehensible, overbroad, unduly burdensome, and the term "subject matter" is vague and ambiguous.

**Request No. 14:**

14.    All records, documents and communications concerning the editor who designed the Ad.

**Response:**

Defendant objects to this request because the term "editor" is vague and ambiguous, and it implies the existence of facts or circumstances that do not or did not exist. Subject to and without waiving these or the general objections, defendant responds that it does not have

8

any documents responsive to this request.

**Request No. 15:**

15.    All records, documents and communications concerning the Photograph.

**Response:**

Defendant objects to this request because it is incomprehensible, vague, ambiguous, overbroad, and unduly burdensome.

**Request No. 16:**

16.    All records, documents and communications concerning defendant's estimated net worth for the year ending 2017.

**Response:**

Defendant objects to this request because it seeks information that is confidential and proprietary, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 17:**

17.    All records, documents and communications concerning defendant's gross revenues for the year ending 2017.

**Response:**

Defendant objects to this request because it seeks information that is confidential and proprietary, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

9

**Request No. 18:**

18.    All records, documents and communications concerning defendant's net profits for the year ending 2017.

**Response:**

Defendant objects to this request because it seeks information that is confidential and proprietary, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 19:**

19.    All records and documents concerning the number of defendant's employees.

**Response:**

Defendant objects to this request because it seeks information not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 20:**

20.    All records and documents concerning the location of each defendant office, both domestically and internationally.

**Response:**

Defendant objects to this request because it seeks information not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 21:**

21.    All records, documents and communications between defendant and plaintiff prior to the filing of the Action.

10

**Response:**

Subject to and without waiving the general objections, defendant responds that it does not have any documents responsive to this request.

**Request No. 22:**

22.    All copies of complaints in any copyright-related action filed against defendant.

**Response:**

Defendant objects to this request because the term "copyright-related action" is vague and ambiguous, seeks information not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 23:**

23.    All records, documents, statements, invoices and contracts which show that defendant has licensed photographs.

**Response:**

Defendant objects to this request because it is overbroad, unduly burdensome, seeks information not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 24:**

24.    All settlement agreements that defendant has entered into concerning claims of copyright infringement.

**Response:**

Defendant objects to this request because it is overbroad, unduly burdensome, seeks information not relevant to the subject matter of this litigation, and is not reasonably calculated to

11

lead to the discovery of admissible evidence.

**Request No. 25:**

    25.    The resumes and *curricula vitae* (CVs) of all persons identified in defendant's discovery responses or initial disclosures.

**Response:**

    Defendant objects to this request because it seeks information not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these or the general objections, defendant will produce non-privileged responsive documents in its possession, custody or control, if any, subject to the parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 26:**

    26.    All records, documents and communications that support defendant's position that it did not commit copyright infringement of the Photograph.

**Response:**

    Subject to and without waiving the general objections, defendant will produce non-privileged responsive documents in its possession, custody or control, if any, subject to the parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 27:**

    27.    All records, documents and communications which may be used to prove the elements of any affirmative defense asserted by defendant in its answer to the Complaint.

**Response:**

    Subject to and without waiving the general objections, defendant will produce non-privileged responsive documents in its possession, custody or control, if any, subject to the parties

entering into a stipulated protective order on or before March 1, 2019.

**Request No. 28:**

28.    All records, documents and communications that you intend to introduce as exhibits or otherwise use in support of your position, or in opposition to any position taken by plaintiff, on any motion or at any hearing or trial in this action.

**Response:**

Defendant objects to this request because it prematurely seeks pre-trial disclosures and seeks documents reflecting the mental impressions, conclusions, opinions, or legal theories of defendant's counsel, which are protected by the work product doctrine and Fed. R. Civ. P. 26(b)(3)(B).

**Request No. 29:**

29.    All records, documents and communications to which you refer in your Initial Disclosures.

**Response:**

Subject to and without waiving the general objections, defendant will produce non-privileged responsive documents in its possession, custody or control, if any, subject to the parties entering into a stipulated protective order on or before March 1, 2019.

**Request No. 30:**

30.    All records, documents and communications referred to in your interrogatories to plaintiff.

**Response:**

Subject to and without waiving the general objections, defendant will produce non-privileged responsive documents in its possession, custody or control, if any, subject to the parties entering into a stipulated protective order on or before March 1, 2019.

Dated: New York, New York  
January 28, 2019

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**

By: /s/ Mioko C. Tajika  
          Larry F. Gainen  
          Mioko C. Tajika  
250 Park Avenue, 6th Floor  
New York, New York 10177  
Phone: (212) 907-9600  
Fax: (212) 907-9681  
*Attorneys for Defendant W Architecture and Landscape Architecture, LLC*

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JACKSON LEE,<br><br>       Plaintiff,<br><br>  - against -<br><br>W ARCHITECTURE AND LANDSCAPE ARCHITECTURE, LLC<br><br>       Defendant. | Case No. 18-cv-05820 (PKC) (CLP)<br><br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rules for the Eastern District of New York, defendant W Architecture and Landscape Architecture, LLC, by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, responds to plaintiff Jackson Lee's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

In addition to the specific objections separately set forth in response to certain requests, the interrogatories, as a whole, are subject to the following general objections and reservations:

1.    Defendant objects to the requested time frame of "January 1, 2015 to the date of these Interrogatories (the 'Time Period')."

2.    Defendant objects to the interrogatories and the Definitions & Instructions section in the interrogatories to the extent they seek the disclosure of information beyond the scope permitted by the Local Rules for the Eastern District of New York or the Federal Rules of Civil Procedure.

3.      Defendant objects to the interrogatories to the extent that they purport to seek information regarding matters not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to the interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation, or rule.

5.      Defendant objects to the interrogatories to the extent that they seek information in the possession, custody or control of persons other than the defendant, or not known to the defendant, or seek responses beyond the reasonable scope of inquiry by the defendant.

6.      Defendant objects to the interrogatories to the extent that they imply the existence of facts or circumstances that do not or did not exist.

7.      Defendant objects to the interrogatories to the extent that they are vague, ambiguous, overbroad, or unduly burdensome.

8.      Defendant's responses are based upon information presently known to it and its attorneys.  Defendant's responses are set forth without prejudice to its rights to assert additional objections or supplemental responses, should it discover additional information or grounds for objections.  Defendant reserves its right to supplement or amend its responses to the extent permitted by the Local Rules for the Eastern District of New York or the Federal Rules of Civil Procedure.

## **OBJECTIONS & RESPONSES**

**Interrogatory No. 1:**

1.      Identify all uses of the Photograph by defendant.

**Response:**

Defendant objects to this request because it is overbroad, unduly burdensome, and is being

2

used inappropriately as a substitute for deposition or document production, and therefore subject

defendant to harassment.  Subject to and without waiving these or the general objections,

defendant refers plaintiff to the documents in response to plaintiff's first set of document requests

dated December 27, 2018, which will be produced subject to the parties entering into a stipulated

protective order on or before March 1, 2019.

**Interrogatory No. 2:**

2.      Identify any websites or print publications from where defendant obtained the Photograph.

**Response:**

Subject to and without waiving the general objections, defendant responds that the

Photograph was found on http://pluspng.com/people-png-426.html.

**Interrogatory No. 3:**

3.      Identify all persons from whom defendant obtained the Photograph.

**Response:**

See defendant's response to Interrogatory No. 2.

**Interrogatory No. 4:**

4.      Identify all persons who found, decided to use, and/or edited the Photograph.

**Response:**

Subject to and without waiving the general objections, defendant responds that Chieh

Huang found the Photograph and used it in defendant's presentation materials in connection

3

with the Hudson Street Streetscape Improvements project (the "Presentation Materials").

Chieh Huang also edited the Photograph for use on the Presentation Materials.

**Interrogatory No. 5:**

5.    Identify all persons with knowledge or information concerning the posting, display and publication of the Photograph.

**Response:**

Defendant objects to this interrogatory because it is overbroad and unduly

burdensome.  Subject to and without waiving these or the general objections, defendant

responds that Chieh Huang and Barbara Wilks have knowledge or information concerning the

use of the Photograph in the Presentation Materials, but they have no pre-litigation knowledge

or information concerning the use of the Photograph in the Ad.

**Interrogatory No. 6:**

6.    Identify the method or process through which any of defendant's employees or agents decided to use the Photograph in the Ad.

**Response:**

Defendant objects to this interrogatory because it assumes the existence of facts or

circumstances that do not or did not exist.  Subject to and without waiving this or the general

objections, defendant responds that it has no knowledge or information responsive to this

interrogatory.

**Interrogatory No. 7:**

7.    Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Ad.

**Response:**

Defendant objects to this interrogatory because it assumes the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving this or the general objections, defendant responds that it has no knowledge or information responsive to this interrogatory.

**Interrogatory No. 8:**

8.    Identify all persons with knowledge or information about defendant's procedures for licensing photographic content.

**Response:**

Defendant objects to this interrogatory because "photographic content" is vague and ambiguous.  Subject to and without waiving these or the general objections, defendant responds that all persons in defendant's office have knowledge or information about defendant's procedures for licensing photographs, but Barbara Wilks has knowledge or information responsive to this interrogatory with respect to defendant's practice during the relevant time period.

**Interrogatory No. 9:**

9.    Identify all persons with knowledge or information about defendant's attempts to secure the rights to the Photograph prior to their publication on the Ad.

**Response:**

Defendant objects to this interrogatory because it assumes the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving this or the general objections, defendant responds that it has no pre-litigation knowledge or information

5

concerning the publication of the Photograph on the Ad, and defendant further responds that it believed the Photograph to be free for use.

**Interrogatory No. 10:**

10.    Identify all persons with supervisory control over the editorial process concerning the Ad.

**Response:**

Defendant objects to this interrogatory because it assumes the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving this or the general objections, defendant responds that it has no knowledge or information responsive to this interrogatory.

**Interrogatory No. 11:**

11.    Identify the name of defendant's in-house counsel who oversees defendant's standards or policies for licensing photographs.

**Response:**

Defendant objects to this interrogatory because it assumes the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving this or the general objections, defendant responds that it has no in-house counsel.

**Interrogatory No. 12:**

12.    Identify any procedures or practices defendant used for securing licenses to photographic content.

**Response:**

Defendant objects to this interrogatory because it is overbroad, unduly burdensome,

and is being used inappropriately as a substitute for deposition or document production, and therefore subjects defendant to harassment.

**Interrogatory No. 13**:

13.    State the revenue and profits earned or received from the Ad during the Time Period.

**Response**:

Defendant objects to this interrogatory because it assumes the existence of facts or circumstances that do not or did not exist.  Subject to and without waiving this or the general objections, defendant responds that it has no knowledge or information responsive to this interrogatory.

**Interrogatory No. 14**:

14.    State defendant's estimated net worth for the year ending 2017.

**Response**:

Defendant objects to this interrogatory because it seeks information that is confidential and proprietary, the interrogatory is not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 15**:

15.    State defendant's gross revenues for the year ending 2017.

**Response**:

Defendant objects to this interrogatory because it seeks information that is confidential and proprietary, not relevant to the subject matter of this litigation, and not reasonably

7

calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 16:**

16.     State defendant's net profits for the year ending 2017.

**Response:**

Defendant objects to this interrogatory because it seeks information that is confidential and proprietary, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 17:**

17.     State the number of defendant's employees.

**Response:**

Defendant objects to this interrogatory because it seeks information not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 18:**

18.     State the locations of all offices maintained by defendant, both domestically and internationally.

**Response:**

Defendant objects to this interrogatory because it seeks information not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

8

Dated: New York, New York
   January 28, 2019

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**

By: /s/ Mioko C. Tajika
   Larry F. Gainen
   Mioko C. Tajika
250 Park Avenue, 6th Floor
New York, New York 10177
Phone: (212) 907-9600
Fax: (212) 907-9681
*Attorneys for Defendant W Architecture and Landscape Architecture, LLC*

9

## <u>VERIFICATION</u>

I am the founding principal of defendant W Architecture and Landscape

Architecture, LLC. I have reviewed the foregoing responses to plaintiff's first set of

interrogatories, and declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct to the best of my knowledge, information,

and belief.

Dated: January 2 ƒ 2019
       New York, New York

_____
**BARBARA WILKS**

10