# Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

April 22, 2019

**VIA ECF**

Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Lee v. W. Architecture and Landscape Architecture, LLC,* 1:18-cv-05820 (PKC-CLP)

Dear Judge Pollack:

We represent Plaintiff Jackson Lee ("Plaintiff") in the above-referenced matter and write in response to discovery disputes raised by Defendant W. Architecture and Landscape Architecture, LLC ("Defendant") in its letter, dated April 5, 2019 [Dkt. #19].

**A.    Plaintiff is in Full Compliance with His Discovery Obligations**

As indicated in Plaintiff's last letter to the Court on April 5, 2019, and contrary to Defendant's false representations, Plaintiff has fully complied with his discovery obligations and has produced all documents in his possession responsive to Defendant's requests. Defense counsel already knows this and yet continues to make false representations to the Court regarding purported deficiencies.

Plaintiff produced an Excel spreadsheet which shows the licensing fee history of the Photograph at issue. This spreadsheet was prepared by Splash, the only photo agency which sub-licensed the image on Plaintiff's behalf. The photograph at issue dates back more than seven years and the Excel spreadsheet is the only information Plaintiff has in his possession concerning licensing of the image. To the extent Defendant seeks information above and beyond what is contained in this Excel spreadsheet, it is entitled to issue a third-party subpoena to Splash whose address has been provided to Defendant. Plaintiff, for his part, has nothing more to produce.

**B.    In Any Event, the Licensing Fee History of the Photograph is Not Probative of Actual Damages Because Plaintiff Never Licensed the Photograph as an *Exterior Lifesize Billboard,* Which is the Only Use At Issue in this Lawsuit**

Defendant's argument that the licensing fees for print or on-line use are somehow relevant to the current dispute is misguided. The damages analysis in this lawsuit rests entirely





upon the fair market value of the Photograph used as an *exterior lifesize billboard*, which is how Defendant and/or its joint infringers ultimately exploited it.  As can plainly be observed, Plaintiff's photograph of Katie Holmes is about three to four feet taller than an actual man walking by the billboard.  *See* Exhibit A attached hereto.

As per Getty Images, the world's leading stock photography agency, the fair market value of what it would reasonably cost Defendant to commercially exploit a photograph of Suri Cruise and Katie Holmes as an exterior billboard is just shy of $15,000.  *See* Exhibit B attached hereto.  Approximately $15,000 is going to be the measure of the damages in this case, not the $200 that Defendant claims for routine on-line or print uses.

With respect to Defendant's argument that the building owner was responsible for physically placing the Photograph on the billboard, the building owner contends otherwise.  We spoke to the building owner's general counsel who claims that they had consent from W Architecture via a third party government agency.  That's why W Architecture's name is plastered across the billboard.  In any event, it doesn't matter whether it was the building owner or W Architecture who authorized the billboard placement.  "All persons and corporations who participate in, exercise control over or benefit from an infringement are jointly and severally liable as copyright infringers." *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir.1985).  Once the building owner is added to the suit, Defendant will be held jointly and severally liable for the full extent of $15,000 in damages.  After all, it was the Defendant, W Architecture, who recklessly poached the Photograph in the first instance and distributed it commercially.  It was also reasonably foreseeable to Defendant that the Photograph would be used as an exterior billboard.

Respectfully Submitted,

**s/jameshfreeman/**
James H. Freeman

*Counsel for Plaintiff Jackson Lee*