UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACKSON LEE,

                      Plaintiff,

      -against-                                    **ORDER**
                                                                    18 CV 05820 (PKC) (CLP)

W ARCHITECTURE AND LANDSCAPE
ARCHITECTURE, LLC,

                      Defendant.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On October 17, 2018, Jackson Lee ("plaintiff") commenced this action against W Architecture and Landscape Architecture, LLC ("defendant"), alleging copyright infringement under Section 501 of the Copyright Act and removal or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This case stems from defendant's allegedly unauthorized reproduction and display of a photograph that is owned and registered by plaintiff. Specifically, plaintiff alleges that defendant featured plaintiff's photograph of actress Katie Holmes and her daughter Suri Cruise on an advertisement on the front of a building.

      On April 5, 2019, plaintiff filed a letter informing the Court of discovery disputes regarding certain information withheld by defendants. (Pl.'s Ltr.[1]). Plaintiff argues that defendant should be required to provide the name and contact information of the owner of the building on which the advertisement was placed. (Id. at 2). Secondly, plaintiff requests that defendant be directed to provide information on the revenue it received for its work on the building. (Id.)

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter, dated April 5, 2019, ECF No. 18.

On April 5, 2019, defendant responded to plaintiff's letter, claiming that it is plaintiff's burden to identify the building owner. (Def.'s Ltr.[2]). Moreover, defendant asserts that it already provided information about the building owner. (Id. at 2-3). With respect to the request for revenue information, defendant argues that this request should be denied because plaintiff did not first attempt to meet and confer with defendant to resolve the issue without court intervention. (Id. at 3). On the merits, defendant argues that it did not receive any payment from the building for the use of the photograph. (Id.)

Defendant also seeks further discovery from plaintiff, arguing that it is entitled to more thorough responses to its Interrogatories Nos. 6, 12, and 13, which request information about the market for plaintiff's photograph. (Id. at 1-2). In response to these interrogatories, plaintiff provided an Excel spreadsheet from a third party, indicating that it had no other pertinent information. (Id. at 2).

Pursuant to this Court's Individual Motion Practices and Rules, a response to defendant's motion for disclosure was due April 12, 2019; when no response was filed, the Court sua sponte extended the deadline and directed plaintiff to reply to the motion by April 18, 2019. On April 22, 2019, plaintiff submitted a response, reiterating that the only relevant information he has is the Excel spreadsheet. (Pl.'s Reply[3] at 1-2). Moreover, plaintiff argues that the licensing fee history of the photograph is irrelevant to this case, because what matters is the use of the photograph as an exterior life-size billboard, rather than routine uses. (Id. at 1-2). Plaintiff also informed the Court that plaintiff had managed to speak to the general counsel of the building's

---

[2] Citations to "Def.'s Ltr." refer to defendant's response to plaintiff's letter and its motion for disclosure, dated April 5, 2019, ECF No. 19.

[3] Citations to "Pl.'s Reply" refer to plaintiff's letter in opposition to defendant's motion for disclosure, dated April 22, 2019, ECF No. 21.

owner, and contends that defendant is jointly and severally liable with the building owner for the $15,000 in damages. (Id.)

Defendant responded to plaintiff's Reply on April 25, 2019, refuting plaintiff's claim that it is jointly and severally liable. It submitted the Affidavit of Barbra Wilks, defendant's founding principal, who affirmed that defendant never gave "any permission or consent to anyone to use the [photograph] on any building or elsewhere." (Def.'s Reply[4] at 2, Ex. 5[5]).

For the reasons set forth below, the Court grants the requests in part and denies them in part.

1. Legal Standards

    a. Federal Rule of Civil Procedure 37

Rule 37 of the Federal Rules of Civil Procedure requires that a motion for an Order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37 (a)(1). Similarly, Local Rule 37.3 requires the party seeking discovery to "attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." Local Rule 37.3. "'The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible.'" Rates Tech., Inc. v. Mediatrix Telecom, Inc., No. 05 CV 2755, 2010 WL 11626665, at *5 (E.D.N.Y. Jan. 5, 2010) (quoting Excess Ins. Co. Ltd. v. Rochdale Ins. Co., No. 05 CV 10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4,

---

[4] Citations to "Def.'s Reply" refer to defendant's reply to plaintiff's opposition to motion for disclosure, dated April 25, 2019, ECF No. 22.
[5] Citations to "Ex. 5" refer to the Affidavit of Barbara Wilks, founding principal of defendant, attached as Exhibit 5 to defendant's reply, ECF No. 22.

3

2007)), on reconsideration in part, No. 05 CV 2755, 2011 WL 1322520 (E.D.N.Y. Mar. 31, 2011), aff'd, 688 F.3d 742 (Fed. Cir. 2012).

      b. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases. Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" Garcia v. Benjamin Group Enterprise Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case.'" Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). While the scope of discovery is "broad," it is not "limitless." Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Thus, the Rule requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Id.; Fed. R. Civ. P. 26(b)(2)(C).

  2. Analysis

At issue are three disputes: 1) whether defendant is required to disclose information about the building owner; 2) whether defendant is required to disclose its gross revenue; and 3)

whether plaintiff is required to provide additional information about the market for the photograph.

### a. The Identity of the Building Owner

Defendant has denied responsibility for the reproduction of the photograph on the front of the building and asserts that the owner of the building is responsible for the display of the photograph. (Pl.'s Ltr. at 1). Plaintiff claims that defendant has failed to disclose the identity of the building owner. (Id.) When plaintiff asked defendant to confirm that the owner of the building was Jack Resnick & Sons ("JRS"), defendant stated that, "our client did not have direct contact with the building and accordingly we're unable to confirm or deny the [identity of the] owner." (Id. at 2). In response, plaintiff has requested that the Court compel defendant to disclose the name, address, telephone number, and email addresses of "all persons or entities with knowledge of the infringement." (Id.)

Defendant argues that it is plaintiff's burden to identify the building owner, and if he has not been able to successfully reach the owner, plaintiff can serve a subpoena upon the building to obtain the owner's identity. (Def.'s Ltr. at 2). Defendant further notes that in a status conference before this Court on March 22, 2019, the Court had indicated that, in light of defendant's denial of any responsibility for the infringing photograph, if plaintiff sought to impose liability on the building, plaintiff should investigate the building. (Id. (citing Minute Entry, 3/22/2019)). In the absence of any information within the possession, custody, or control of defendant, defendant was not Ordered to identify the building owner. Finally, defendant asserts that it had already provided all the information that it had about the building owner to plaintiff in its March 1, 2019 production – namely, an email that defendant's employee sent to multiple individuals with presentation materials that contained the photograph. (Id. at 3).

In plaintiff's response letter, he informs the Court that he spoke with the general counsel of the building's owner, who claimed that the building had consent to use the photograph from defendant "via a third party government agency." (Pl.'s Reply at 2). Although it is unclear what "third party government agency" is at issue or how the agency is connected to defendant, plaintiff nonetheless argues that defendant and the building owner are jointly and severally liable as copyright infringers. (Id. (quoting Sygma Photo News, Inc. v. High Soc. Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985))).

Defendant objects to the contention that it is jointly and severally liable, and provides an Affidavit from defendant's founding principal who affirms that there is no basis on which to find W Architecture jointly and severally liable with the building owner. (Def.'s Reply at 1-2). The principal, Barbara Wilks, affirms that no "third party government agency" contacted defendant to use the photograph "for any purpose before it was used on the Building." (Ex. 5 ¶ 8). Moreover, she explains that defendant found the photograph on a website that stated the photograph was "'free' to use." (Id. ¶ 5). In addition, she states that she had no knowledge that defendant's rendering of the photograph would be used on the building. (Id. ¶¶ 9, 12).

Given defendant's statement that it previously provided information about the building owner, and plaintiff's admission that he has already spoken to the building owner, the Court denies plaintiff's motion to compel a further response as to the owner of the building.[6]

b. <u>Defendant's Revenue</u>

Plaintiff also argues that defendant is required to produce all records pertaining to the gross revenue that defendant "earned and/or received in its work for the building." (Pl.'s Ltr. at

---

[6] The Court notes that at this stage, the issue of whether defendant is jointly and severally liable to plaintiff is premature and not before this Court.

2). Plaintiff makes this request pursuant to 17 U.S.C. § 504(b). (Id.)

Defendant argues that this request should be denied on procedural grounds, because the parties have not yet met and conferred on this issue. (Def.'s Ltr. at 3). Substantively, defendant claims that it never raised any revenues or received any payment from the building. (Id.) Moreover, to the extent that defendant received payment for its work for the Hudson Square BID project, defendant claims that such information was not requested by plaintiff, and it is irrelevant to the use of plaintiff's photograph in defendant's presentation materials. (Id.)

In a copyright action, the plaintiff is entitled to recover the profits that defendant earned from the infringement. 17 U.S.C. § 504. To establish profits, the copyright owner is required to "present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Fournier v. Erickson, 242 F. Supp. 2d 318, 326 (S.D.N.Y. 2003) (quoting Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1118 (2d Cir. 1986)). In this context, "gross revenue" is defined as "gross revenue reasonably related to the infringement, not unrelated revenues." Davis v. The Gap, Inc., 246 F.3d 152, 160 (2d Cir. 2001).

Defendant argues that this request should be denied on procedural grounds, as plaintiff failed to meet and confer with defendant prior to raising this dispute with the Court. (Def.'s Ltr. at 3). Plaintiff replied to defendant's motion on April 22, 2019, in which he made no attempt to explain his failure to first meet and confer with defendant. (Pl.'s Reply at 1-2). Accordingly, while the Court could deny plaintiff's request on procedural grounds, defendant has responded that it did not receive any revenues or payment from the building for the use of the photograph. Accordingly, the Court denies the plaintiff's motion to compel.

### c. Plaintiff's Market for the Photograph

Defendant argues that the market for the photograph at issue is relevant to plaintiff's damages and defendant's defenses. As a result, defendant contends that it is entitled to substantive responses to Interrogatories Nos. 6, 12, and 13.

With respect to Interrogatory No. 6, defendant seeks the nature of the sale or license, as well as the fee received in return, for every person and entity to whom plaintiff licensed or sold the photograph. (Interrogs.[7] at 4). Interrogatory No. 12 requested all web sites where plaintiff "posted, published, displayed, or otherwise released the Photograph." (Id. at 6). Interrogatory No. 13 asked whether plaintiff had knowledge or information about the photograph's dissemination on web sites other than plaintiff's. (Id.)

In response to these three interrogatories, plaintiff provided defendant with an Excel spreadsheet created by Splash Agency and directed defendant to that agency for any further questions. Defendant argues that it is entitled to a more thorough answer from plaintiff before it must resort to third-party discovery. (Def.'s Ltr. at 2). Plaintiff further argued in his Reply that the fair market value that is relevant in this case is the value of the photograph enlarged to a life-size billboard, not "routine on-line or print uses." (Pl.'s Reply at 2).

The Court finds that the photograph's market is reasonably calculated to lead to the discovery of admissible evidence in this case. Given plaintiff's insistence that it has no other information as to fees or licenses for this photograph or knowledge as to where the photographer published or displayed this information, which would be relevant to Interrogatories Nos. 6, 12, and 13, plaintiff is Ordered to provide an affidavit indicting his lack of knowledge and provide it

---

[7] Citations to "Interrogs." refer to Plaintiff's Superseding Answers and Objections to Defendant's First Set of Interrogatories, attached as Exhibit A to defendant's motion for disclosure, ECF No 19.

to the Court and defendant within seven days of this Order. Thereafter, defendant may pursue a subpoena to Splash Agency.[8]

## CONCLUSION

In light of the foregoing, the discovery requests are granted in part and denied in part.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 29, 2019

/S/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[8] It is unclear how Splash Agency obtained the information provided in the spreadsheet. Plaintiff is Ordered to explain this in the Affidavit.

9