UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JACKSON LEE,

                Plaintiff,

       -against-                                  **ORDER**
                                               18 CV 05820 (PKC) (CLP)
W ARCHITECTURE AND LANDSCAPE
ARCHITECTURE, LLC,

                Defendant.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On October 17, 2018, Jackson Lee ("plaintiff") commenced this action against W Architecture and Landscape Architecture, LLC ("defendant"), alleging copyright infringement under Section 501 of the Copyright Act and removal or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. Plaintiff alleges that defendant featured an enlarged version of plaintiff's photograph of actress Katie Holmes and her daughter Suri Cruise on an advertisement on the front of a building.

       Prior to the initial conference with this Court on March 22, 2019, defendant tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Defendant did not disclose the amount offered, but it claims that the amount was fifty times more than the highest fee that plaintiff charges for a standard print of the photograph. Plaintiff did not respond to the offer within the time frame permitted by the Rule, and thus appears to have rejected the offer.

       On April 18, 2019, defendant filed a motion for bond, requesting that plaintiff and/or plaintiff's counsel post security for costs in order to proceed with this case. Pursuant to this Court's Individual Motion Practices and Rules, a response to defendant's motion was due April

25, 2019. Plaintiff filed a response on May 2, 2019, arguing that defendant provided no evidence to support the imposition of a bond.

For the reasons set forth below, the Court grants defendant's motion for a bond.

DISCUSSION

1. Legal Standards

Local Rule 54.2 governs security for costs and provides:

> The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

Local Civ. R. 54.2.

Under this Rule, the bond "may include attorneys' fees to which a party is potentially entitled by statute." Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997), aff'd, 173 F.3d 104 (2d Cir. 1999). The statute at issue in this matter, Section 505 of the Copyright Act, provides that a court in its discretion may "award a reasonable attorneys' fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Accordingly, a bond imposed in this matter may include attorneys' fees. See Selletti v. Carey, 173 F.R.D. at 100; see also Cruz v. Am. Broad. Cos., Inc., No. 17 CV 8794, 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017).

A motion to post a bond in the Eastern District of New York is left to the discretion of the court. Teri v. Oxford Mgmt. Servs., No. 05 CV 2777, 2013 WL 132660, at *2 (E.D.N.Y. Jan. 10, 2013) (stating that "'[c]ourts have broad discretion in deciding whether a party should be required to post . . . a bond'") (quoting Beautiful Jewellers Private Ltd. v. Tiffany & Co., No. 06 CV 3085, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008)). Courts consider the following

factors in determining whether a bond should be posted: "(1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders." Id. (citations and internal quotation marks omitted).

2. Analysis

Defendant argues that plaintiff should be required to post a bond for $10,000. Thus, the Court considers the six factors set forth in Teri.

    a. Financial Condition and Ability to Pay

"A [party's] apparent 'lack of assets is itself sufficient to warrant attachment of costs under Rule 54.2.'" Beautiful Jewellers Private Ltd. v. Tiffany & Co., 2008 WL 2876508, at *2 (quoting Sea Trade Co. Ltd v. FleetBoston Fin. Corp., No. 03 CV 10254, 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008)). "However, 'if it is ever appropriate to rely solely on this single factor, it must only be in the most compelling circumstances, lest the courthouse doors be routinely closed on impecunious litigants.'" Khaldei v. Kaspiev, No. 10 CV 8328, 2014 WL 7373383, at *2 (S.D.N.Y. Dec. 30, 2014) (quoting Gary Friedrich Enters., LLC v. Marvel Enters., Inc., No. 08 CV 1533, 2010 WL 3452375, at *3 (S.D.N.Y. Sept. 1, 2010)).

Plaintiff contends that defendant has failed to provide any evidence that plaintiff lacks the financial capacity to satisfy any judgment for attorneys' fees. (Opp.[1] at 3). While there would be no reason for defendant to possess such financial information, plaintiff has not provided any information regarding his financial status.

---

[1] Citations to "Opp." refer to plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Bond as Security for Costs and Fees Under Local Rule 54.2, filed May 2, 2019, ECF No. 24.

Defendant has raised a concern that if attorneys' fees are assessed against plaintiff, then plaintiff's counsel will voluntarily dismiss the case to avoid paying defendant any fees it may be owed. There is precedent that suggests that this concern, as it relates to plaintiff's counsel, may be warranted. Indeed, defendant cites the decision in Reynolds v. Hearst Communications, Inc., where the court outlined a number of instances in different cases where plaintiff's counsel either voluntarily dismissed the action or evaded court orders:

> Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court. See Paul Steeger v. JMS Cleaning Services, LLC, 17cv8013 (DLC), ECF No. 22 (imposing sanctions on Mr. Liebowitz and listing cases where Mr. Liebowitz has failed to comply with court orders). A number [of] Mr. Liebwoitz's cases have been dismissed from the bench as frivolous. See Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench." (citing Kanongataa v. Am. Broad. Cos., 16cv7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)). Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. See, e.g., Pereira v. Kendall Jenner, Inc., 17cv6945 (RA) (Mr. Liebowitz voluntarily dismissed the case before responding to the Judge Abrams' Show Cause Order); Cruz v. Am. Broad. Cos., 17cv8794 (LAK), 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order). See also Tabak v. Idle Media, Inc., 17cv8285 (AT), ECF No. 5 (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause); Reynolds v. Intermarkets, Inc., 17cv8795 (AT), ECF No. 4 (same).

No. 17 CV 6720, 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018), reconsideration denied, No. 17 CV 6720, 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018). At least three cases in this Circuit have referenced the Reynolds decision when discussing counsel's conduct. See Pereira v. 3072541 Canada Inc., No. 17 CV 6945, 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018); McDermott v. Monday Monday, LLC, No. 17 CV 9230, 2018 WL 5312903, at *3 (S.D.N.Y.

4

Oct. 26, 2018); Leibowitz v. Galore Media, Inc., No. 18 CV 2626, 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018). Although counsel has filed over a thousand copyright infringement cases in this Circuit (Opp. at 14), this record of non-compliance is troubling. Thus, the Court finds that this factor weighs in favor of requiring the posting of a bond.

    b. Residency

Plaintiff contends that there is no need for a bond because: (1) he is a citizen of the United States; (2) he resides in New York; and (3) he frequently files copyright infringement cases in New York. (Opp. at 4). Thus, apart from the concerns raised by other courts regarding the merits of these multiple infringement cases, this factor would normally suggest that a bond would be unnecessary.

    c. The Merits of Plaintiff's Claim

With respect to the merits of the claim, the Court notes that "[w]hile each party asserts that they believe they will win on the merits, the case has not sufficiently developed to suggest that either is likely to prevail." K.M. v. Maclaren USA, Inc., No. 10 CV 7942, 2011 WL 1900137, at *5 (S.D.N.Y. Apr. 7, 2011), adopted by 2011 WL 1900141 (S.D.N.Y. May 18, 2011); see Khaldei v. Kaspiev, 2014 WL 7373383, at *1 (concluding that the merits of the claim factor weighed against granting the bond because "'[t]here are substantive issues in the underlying action that have not yet been resolved'") (quoting RLS Assocs., LLC v. United Bank of Kuwait PLC, No. 01 CV 1290, 2005 WL 578917, at *3 (S.D.N.Y. Mar. 11, 2005), adhered to on reconsideration, 464 F. Supp. 2d 206 (S.D.N.Y. 2006)).

Plaintiff claims that defendant committed copyright infringement through the unauthorized use of his photograph, in violation of 17 U.S.C. § 505, and further claims that defendant removed or altered copyright management information under Section 1202(b). In its

5

motion for bond, defendant raises a fair use or de minimis defense, claiming that "[o]nly a very small, cropped portion of the Photo was used towards the end of a multi-paged presentation, and the Photo was blurred to be out of focus so that the viewer is unable to make out either subject of the Photo." (Mot.[2] at 2). Defendant also argues that it found the photograph on a website that claimed the images contained therein were free, and thus defendant "never removed any copyright management information" from the photograph. (Id.)

At this stage, it is not the Court's role to evaluate the merits of plaintiff's claims. However, defendant sets forth a colorable argument that it will prevail on a de minimis or fair use defense. (Mot. at 2 (citing Rudkowski v. MIC Network, Inc., No. 17 CV 3647, 2018 WL 1801307, at *4 (S.D.N.Y. Mar. 23, 2018))). Moreover, although plaintiff claims that he is entitled to increased damages because the photograph was enlarged and affixed to the front of a building, he has presented no evidence that this particular defendant had any role in providing the photograph to the building. In addition, plaintiff has taken no steps to amend the Complaint to add the building's management or owner as a defendant.

If defendant were to succeed in getting the case dismissed, it may be entitled to attorneys' fees as the prevailing party, should the circumstances justify an exercise of the court's discretion. See Cruz v. Am. Broad. Cos., Inc., 2017 WL 5665657, at *2; Sadhu Singh Hamdard Tr. v. Ajit Newspaper Advert., Mktg. & Commc'ns, Inc., No. 04 CV 3503, 2008 WL 11415934, at *4 (E.D.N.Y. July 23, 2008) (noting an award of attorneys' fees in copyright cases is discretionary, and courts should consider: "frivolousness, motivation, objective unreasonableness (both in the

---

[2] Citations to "Mot." refer to defendant's motion for bond, dated April 18, 2019, ECF No. 20.

6

factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence") (internal quotations omitted).

In light of the foregoing, the Court finds that this factor weighs slightly in favor of requiring a bond to be posted.

        d.   <u>Discovery and Legal Costs</u>

Defendant argues that there is a "substantial risk" that plaintiff will have to pay defendant's attorneys' fees, either through defendant's dismissal of the action – as discussed above – or through the cost-shifting mechanism of Rule 68. (Mot. at 1). Whether defendant will be entitled to fees as the prevailing party under the Copyright Act or due to its Rule 68 Offer are two distinct questions that require separate consideration. With respect to the latter argument, defendant contends that its Rule 68 Offer is more than what plaintiff will be able to recover at trial. (<u>Id.</u> at 2). Specifically, defendant claims that its offer was fifty times more than what plaintiff charges for a standard print of the photograph. (<u>Id.</u> at 3). Given that it appears that the highest fee that plaintiff has charged is $200, the Court assumes that the Rule 68 Offer was approximately $10,000. Defendant thus argues that it would be entitled to recover the costs and fees incurred after it made the offer to plaintiff should plaintiff ultimately recover less than $10,000. (<u>Id.</u>)

In response, plaintiff argues that defendant's fees will not be subject to the fee-shifting provision of Rule 68 if plaintiff prevails, given that defendant would not be the "prevailing party" within the meaning of 17 U.S.C. § 505. (Opp. at 9-10).

Under Rule 68 of the Federal Rules of Civil Procedure, a party "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68. If the judgment ultimately obtained by the plaintiff "is not more favorable than the

7

unaccepted offer, the offeree must pay the costs incurred after the offer was made." Id. In a copyright action, "costs" includes attorneys' fees. Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), aff'd, 249 F. App'x 845 (2d Cir. 2007). Therefore, "when the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment[,] . . . Rule 68 [of the Federal Rules of Civil Procedure,] requires an award to defendant of its fees incurred after that offer." Id. (quoting Nimmer on Copyright § 14.10 [B], at 14-139, 14-140 (Matthew Bender & Co., Inc. 2005)). In other words, even if plaintiff prevails at trial, he will still owe defendant for its costs and attorneys' fees from the date the Rule 68 Offer was made, if the amount that plaintiff recovers at trial is less than the amount of the Rule 68 Offer. Id.

Plaintiff argues that Baker is inapposite to the instant matter, claiming that in Baker, the defendant obtained a dismissal, whereas here, plaintiff is confident he will be the prevailing party. (Opp. at 9). However, as defendant indicates, the court in Baker examined the question of fees under two separate analyses – the defendant's right to a fee award as a prevailing party when the case was dismissed, and the defendant's right to a fee award based on its Rule 68 Offer. See Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d at 361-62. Unlike an award of fees under the Copyright Act, where the issue of "prevailing party" is a prerequisite to a fee award, the notion of "prevailing party" is not a factor in a Rule 68 analysis. Indeed, the cost-shifting provision of Rule 68 only comes into play if the plaintiff prevails but receives less than the Rule 68 offer. Fed. R. Civ. P. 68. If the defendant were to prevail completely after trial and there was no recovery by plaintiff, the cost-shifting analysis of Rule 68 would not apply. Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S. Ct. 1146, 1150, 67 L. Ed. 2d 287 (1981) (holding that the cost-shifting provision of Rule 68 is "simply inapplicable" when the defendant has "obtained the judgment").

Plaintiff's argument has already been rejected by courts in this Circuit. See Sadowski v. JSN Glob. Media, Inc., No. 18 CV 1392, 2018 U.S. Dist. LEXIS 205365, at *4 (S.D.N.Y. Dec. 3, 2018) (finding plaintiff's attempt to distinguish Baker was "not successful" because neither party was a "prevailing party" at the time of the motion for bond); Leibowitz v. Galore Media, Inc., 2018 WL 4519208, at *4 (denying plaintiff's motion for reconsideration and explaining that "Baker teaches that a defendant in a Copyright Action may recover post-offer costs if the plaintiff recovers less than the amount of the Rule 68 Offer").

The Court is not in a position to speculate as to what amount plaintiff might receive as a judgment in this case, if any. However, given plaintiff's rejection of defendant's Rule 68 Offer of Judgment, there is a possibility that defendant may be entitled to the costs and fees that it incurred after plaintiff's rejection. Therefore, the Court finds that this factor weighs in favor of granting the motion.

    e. Compliance

Although plaintiff's counsel argues that plaintiff Lee has never violated any court orders (Opp. at 12), defendant relies on counsel's history of violating court orders. (Reply[3] at 5-6). Defendant refers to cases in which courts in this Circuit have required plaintiff's counsel, the Liebowitz Law Firm, to post a bond, based in part on this conduct. (Id. at 6).

The Court finds that this factor weighs against plaintiff, based on counsel's conduct in these other cases and in this case as well. In this case, a response to defendant's motion for bond was due April 25, 2019, according to this Court's Individual Motion Practices and Rules. Plaintiff filed his response late on May 2, 2019, and did not ask for additional time from the

---

[3] Citations to "Reply" refer to defendant's reply in support of its motion for bond, dated May 8, 2019, ECF No. 26.

9

Court. Similarly, when defendant filed a motion for disclosure on April 5, 2019, plaintiff failed to respond. As a result, the Court <u>sua sponte</u> extended the deadline and directed plaintiff to reply to the motion by April 18, 2019. Plaintiff filed a response on April 22, 2019, thereby missing the second deadline as well. Although defendant explains that plaintiff sought an extension of the deadline from defendant (Reply at 5 n.5), plaintiff again never sought an extension from this Court.

In addition, defendant argues that plaintiff's counsel has delayed this case by failing to add the owner of the building as a party and by filing a motion to compel defendant to identify the building owner "when plaintiff knew all along [to] which building his work was affixed." (<u>Id.</u>)

The Court finds that plaintiff has failed to timely file motion papers and failed to move this case forward. Moreover, as set forth above, plaintiff's counsel has failed to follow court orders in other cases in this Circuit. <u>See</u> <u>Reynolds v. Hearst Commc'ns, Inc.</u>, 2018 WL 1229840, at *4 (citing cases). Thus, the Court finds this factor weighs in favor of granting the motion.

In sum, the Court, after considering all of the <u>Teri</u> factors, grants defendant's motion for bond, and Orders plaintiff's counsel to post a bond. <u>See</u> <u>Pereira v. 3072541 Canada Inc.</u>, No. 17 CV 6945 (S.D.N.Y Dec. 18, 2018) (ordering plaintiff's counsel to show cause why he should not be required to post a bond); <u>Baker v. Urban Outfitters, Inc.</u>, No. 01 CV 5440, 2006 WL 3635392, at *2 (S.D.N.Y. Dec. 12, 2006) (ordering plaintiff and his counsel – not counsel in the instant matter – to each post a bond as security for costs associated with their appeal).

    f. <u>Bond Amount</u>

Under Local Rule 54.2, the Court has discretion in setting a bond amount. If a bond is imposed, plaintiff argues that the amount should be $1,500, which he claims is the cost of two

deposition transcripts. (Opp. at 16). Defendant suggests a $10,000 bond is "an appropriate floor" based on other cases in this Circuit. (Reply at 6). In addition, defendant contends that its fees exceed the cost of two depositions. (Id. (quoting Leibowitz v. Galore Media, Inc., 2018 WL 4519208, at *5)).

Considering all of the factors, the Court grants defendant's motion to require plaintiff's counsel to post a bond. Based on the case law in this Circuit, the Court finds that $10,000 is an appropriate amount for bond. Plaintiff's counsel is thus Ordered to post a bond in the amount of $10,000 by June 7, 2019.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 28, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York