UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSON LEE,<br><br>      Plaintiff,<br><br>- against -<br><br>W ARCHITECTURE AND LANDSCAPE ARCHITECTURE, LLC<br><br>      Defendant. | Case No. 18-cv-05820 (PKC) (CLP) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND FED. R. CIV. P. 60(B)(1)**

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**
250 Park Avenue
New York, New York 10177
Telephone (212) 907-9600
Facsimile (212) 907-9681
ATTORNEYS FOR DEFENDANT

617263_1/01709-0007

## PRELIMINARY STATEMENT

Defendant W Architecture and Landscape Architecture, LLC respectfully submits this memorandum of law in opposition to plaintiff Jackson Lee's motion for reconsideration or reargument pursuant to Local Rule 6.3 and Fed. R. Civ. P. Rule 60(b)(1).

Plaintiff's reconsideration motion both rehashes arguments he has already made and this Court already rejected, and makes new arguments that could (and must) have been made earlier. Neither tactic is proper in a motion for reconsideration, which requires the denial of the motion for this reason alone. And even if the arguments were considered, none of them have any merit.

## ARGUMENT

### I. Standard for Motion for Reconsideration

Plaintiff's reconsideration motion is advanced under Local Rule 6.3 and Fed. R. Civ. P. 60(b). Under either rule, "[m]otions for reconsideration are 'generally not favored and [are] properly granted only upon a showing of exceptional circumstances.'"[1] Reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court.'"[2] Similarly, the standard for reconsideration under Rule 60(b) "is 'strict' and may only be granted on very limited grounds consisting of an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[3] The motion "'may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already

---

[1] *Annan v. City of New York Police Dep't*, 12 Civ. 2702 (CBA) (CLP), 2015 U.S. Dist. LEXIS 172571, at *4 (E.D.N.Y. Dec. 29, 2015) quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004); *see also Spinner v. City of New York*, 01 Civ. 2715 (CPS), 2003 U.S. Dist. LEXIS 9411, at *16 (E.D.N.Y. Jan. 29, 2003) (Pollak, J.) ("relief under Rule 60(b) is appropriate 'only upon showing of exceptional circumstances.'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)), *aff'd*, 2003 U.S. Dist. LEXIS 14854 (E.D.N.Y. Aug. 22, 2003).
[2] *Annan*, 2015 U.S. Dist. LEXIS 172571, at *4 quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).
[3] *Spinner*, 2003 U.S. Dist. LEXIS 9411, at *16-17 (quotations omitted).

decided by the Court.'"[4]

These standards are to be narrowly construed and strictly applied, and the ultimate decision whether to grant or deny reconsideration lies in this Court's discretion.[5]

## II. Plaintiff's Motion for Reconsideration Should be Denied

Plaintiff fails to meet the exacting standard for reconsideration. He is required to show that the Court committed some error that was based on overlooking material facts or law—not use the motion for raising new facts, rearguing old points, or raising new and legally irrelevant arguments. He fails to make any such showing.

### A. The Court Did Not Overlook Controlling Law

Plaintiff advances four legal arguments to support his reconsideration motion. The first legal argument is that this Court overlooked controlling Supreme Court authority which precludes an infringer from fee-shifting under Fed. R. Civ. P. 68.

Setting aside that *Marek v. Chesny*[6] has nothing to do with fees under the Copyright Act, this argument is nothing more than a rehash of the argument plaintiff raised before and this Court already considered and rejected. In fact, plaintiff copied and pasted the same briefing he submitted in opposing the bond motion.[7] As this Court observed in granting the bond motion,[8] plaintiff's counsel raised this same argument on other unsuccessful reconsideration motions in *Sadowski v. JSN Global Media, Inc.*[9], and *Leibowitz v. Galore Media, Inc.*[10] In both instances, the court denied reconsideration because plaintiff was seeking "'solely to relitigate an issue already

---

[4] *Annan*, 2015 U.S. Dist. LEXIS 172571, at *4 (quotation omitted).
[5] *Id*.
[6] 473 U.S. 1 (1985).
[7] Memorandum of Law in Support of Plaintiff's Motion for Reconsideration or Reargument ("Pl. Mem.") at 5-7, 8.
[8] *Lee v. W Architecture & Landscape Architecture, LLC*, No. 18 Civ. 5820 (PKC) (CLP), 2019 U.S. Dist. LEXIS 89335, at *11-12 (E.D.N.Y. May 28, 2019) ("Plaintiff's argument has already been rejected by courts in this Circuit").
[9] No. 18 Civ. 1392 (LAP), 2018 U.S. Dist. LEXIS 205365 (S.D.N.Y. Dec. 3, 2018).
[10] No. 18 Civ. 2626 (RA) (HBP), 2018 U.S. Dist. LEXIS 161110 (S.D.N.Y. Sept. 20, 2018).

decided'" and raising "the same argument 'already briefed, considered and decided.'"[11]

Plaintiff also raises two new legal arguments: that the First Amendment preempts Local Rule 54.2; and that the Court's application of Local Rule 54.2 violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates against individual copyright holders in favor of corporate entities. Neither argument was raised in plaintiff's briefing on the initial bond motion. "New arguments advanced by a party without excuse as to why these arguments were not raised previously are not cognizable on a motion for reconsideration."[12] This failure waives the argument and makes it an entirely improper basis for reconsideration.[13]

Even if these arguments were properly raised before, plaintiff does not cite any authority that actually supports them, let alone any "controlling decision" for purposes of reconsideration. With respect to the First Amendment argument, he cites general cases about the right to petition that do not hold that a bond requirement runs afoul of the First Amendment. This identical argument was furthermore raised by plaintiff's counsel in a reconsideration motion it filed in *Reynolds v. Hearst Communications, Inc.*, but that court found the argument to be "unavailing."[14]

With respect to the Equal Protection argument, plaintiff again merely cites general cases, none of which actually held the proposition that plaintiff wishes this Court to hold. And while

---

[11] *Id*. at *10 (quotations omitted); *Sadowski*, 2018 U.S. Dist. LEXIS 205365, at *3-4 (holding that "Plaintiff's attempt to distinguish [*Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007)] is not successful.").

[12] *Schoolcraft v. City of New York*, No. 10 Civ. 6005 (RWS), 2014 U.S. Dist. LEXIS 111615, at *9 (S.D.N.Y. Aug. 12, 2014).

[13] *Annan*, 2015 U.S. Dist. LEXIS 172571, at *7 (rejecting motion for reconsideration where plaintiff sought to "relitigate issues already decided by this Court and to advance arguments not previously presented.").

[14] No. 17 Civ. 6720 (DLC), 2018 U.S. Dist. LEXIS 53324, at *2 (S.D.N.Y. Mar. 29, 2018). That court reasoned:
> The Constitutional arguments advanced are little more than a rehashing of plaintiff's argument that a bond would impede his ability to argue his case on the merits, an argument the Court has already addressed. Reynolds submits that, because the March 5 Opinion suggested that his claims may not be frivolous, he cannot be blocked from prosecuting them. First, the March 5 [Opinion] explained that frivolity is one of many factors weighed when considering the imposition of a bond. In this particular case, the plaintiff has willfully disobeyed court orders and his litigation tactics have increased the cost of litigation. The imposition of a bond is within a court's sound discretion, and the Court exercised it here. *Id*. at *3-4.

3

plaintiff argues that "every bond motion brought against a corporate entity has been denied," he fails to recognize that *RLS Associates, LLC v. United Bank of Kuwait PLC*, which he miscites on page 15 of his memorandum of law, is a case where bond motions against both plaintiff and defendant, both legal entities, were granted.[15]

The final legal argument plaintiff asserts is that defendant's affirmative defenses present "novel" questions as to whether the use of his photograph (the "Photograph") constitutes fair or *de minimis* use, which preclude fee-shifting under Section 17 U.S.C. § 505 because the Court's upholding of the defenses "would be unprecedented," and "district courts are disinclined to award fees in cases that are close calls or which present novel legal issues or theories."[16] But nothing about the defense of fair use or *de minimis* use is novel or unprecedented irrespective of the medium on which the Photograph was used. Moreover, plaintiff's faulty premise that any liability should be predicated on defendant's use of his Photograph on the building will be rejected by this Court, since there is "no evidence that this particular defendant had any role in providing the photograph to the building."[17] Defendant is prepared to prove this fact.

This Court did not overlook any controlling law.

### B. The Court Did Not Overlook Controlling Factual Matters

Plaintiff raises two new factual matters that he claims the Court overlooked. Just like his legal arguments, neither purported factual matter meets the strict standard warranting the exceptional relief of reconsideration.

Regarding the first factual matter, plaintiff asserts that this Court overlooked record

---

[15] 464 F. Supp. 2d 206, 221, 225 (S.D.N.Y. Nov. 28, 2006) (holding that "[d]espite the fact that RLS's underlying claim is potentially meritorious and that a majority of the relevant factors counsel against a bond, I adhere to my earlier conclusion that RLS's undisputed—indeed, self-proclaimed—lack of assets furnishes a sufficient basis for compelling the pretrial posting of a bond in a fair and appropriate amount." Elsewhere in the decision, the court sated "I conclude that UBK should also be required to post a bond under Rule 54.2.").
[16] Pl. Mem. at 11, 12.
[17] *Lee*, 2019 U.S. Dist. LEXIS 89335, at *8.

4

evidence showing that the fair market value to license a photograph of Katie Holmes and Suri Cruise for use on a commercial billboard is $14,730.00. But the Court did not overlook anything because plaintiff never raised this argument nor provided this purported evidence in opposing defendant's bond motion. Moreover, the purported evidence, depicted below, is irrelevant for a number of reasons:



First, the above photograph was taken by an individual named Alo Ceballos, not plaintiff. Second, "use of the Photograph on a lifesize commercial billboard affixed to a luxury apartment building which Defendant designed"[18] is an improper measure to determine plaintiff's damages arising from defendant's conduct (and the statement, moreover, is incorrect—defendant did not design the billboard or the building). The $14,730 figure alleged to be the fair market value is not what plaintiff's recovery from defendant will be if he prevails, because defendant had nothing to do with the decision to place the Photograph on the building. The more suitable comparable is the

---

[18] Pl. Mem. at 9.

license fee plaintiff charges to license the Photograph as a standard paper print for defendant's use of the Photograph on the presentation, which plaintiff licenses at a range of $0.23 to $35.99.[19] The defendant's offer of judgment for $2,000 was more than 55 times the $35.99.

Third, the $14,730 number has been misleadingly and improperly inflated by plaintiff to arrive at the highest possible license fee. Getty Images, which is where plaintiff found the above photograph, allows the licensee to select various options from a drop-down menu to customize the type of license by selecting specific criteria from the menu. Plaintiff's $14,730 figure was arrived at by selecting "more than 500" images of the photograph to be licensed for use on a billboard for "up to 5 years," which is inconsistent with how the Photograph in this action was used (in this action, there was only one Photograph displayed on one building for less than a year).[20]

The other factual matter advanced by plaintiff is that this Court erred in finding that he failed to comply with the Court's Individual Motion Practices and Rules by finding that he was late in opposing the bond motion. But plaintiff completely ignores the fact that this Court also found other conduct weighing against him, such as his late filing of his response to defendant's motion to compel, his delay in amending the complaint to add the building owner, his filing of a motion to compel defendant to identify the building owner when he knew the building all along,[21] and the pattern of unreasonable litigation behavior continues with the instant reconsideration motion, which has no merit and has multiplied the costs on defendant. Moreover, a portion of the Court's justification for imposing the bond was based on *plaintiff's counsel's* litigation conduct, not just in this case but in other cases too. Plaintiff's counsel seems to overlook the fact that this Court's order requires *them* to post the bond, not their client.

---

[19] *See* Jackson Lee Photo, https://celebs.jacksonleephoto.com/Celebrity-Events/Celebrity-Events-1/2012-06-24-Katie-Holmes-and/i-vGLvT3h (last visited June 19, 2019).
[20] *See* plaintiff's purported "record evidence" originally submitted to this Court on April 22, 2019 in connection with his opposition to defendant's motion to compel, annexed as Exhibit A to this memorandum of law.

6

This Court did not overlook any factual matter to warrant reconsideration.

## CONCLUSION

Plaintiff has rejected defendant's reasonable offer of judgment in an attempt to extort a settlement amount that is disproportionately higher than his claim's real worth, but lower than the cost to litigate, which is in conformity with their business model.[22]  Although defendant's fees will exceed the $10,000, the bond is necessary to ensure that defendant can recover at least a portion of its fees in this action.  Accordingly, defendant respectfully requests that the Court deny plaintiff's motion for reconsideration.

Dated: New York, New York
       June 19, 2019

        **INGRAM YUZEK GAINEN CARROLL**
          **& BERTOLOTTI, LLP**

By:     s/ Mioko C. Tajika
      Mioko C. Tajika
250 Park Avenue, 6th Floor
New York, New York 10177
Phone: (212) 907-9600
Fax: (212) 907-9681
*Attorneys for Defendant W Architecture and Landscape Architecture, LLC*

---

[21] *Lee*, 2019 U.S. Dist. LEXIS 89335, at *12-13.

[22] *McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 U.S. Dist. LEXIS 28664, at *3 n.4 (S.D.N.Y. Feb. 22, 2018) (the Liebowitz Law Firm "plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim."); *Kanongataa v. ABC*, No. 16 Civ. 7382 (LAK), 2017 U.S. Dist. LEXIS 95812, at *5 (S.D.N.Y. June 21, 2017) (noting "[t]here may well be justification for defendants' implication that these were strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement").